UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA ANN BARBER, STEVEN
BARBER, DAVID HALL, PAUL JENSEN,
JENNIFER KULA-HAUK, STEVEN
PETTIT, TROY HUIZING,

      Plaintiffs,

v.

WILLIAM OVERTON, Director of the
Michigan Department of Corrections, in
his official capacity; FRITZ JACKSON,
LORENZO LOWERY, and BRUCE
SIBERT, in their individual and official
capacities,

      Defendants.
_____/

File No. 1:03-CV-329

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' motion to tax costs pursuant to FED. R. CIV. P. 54(d).  On June 21, 2005, the Court granted Defendants' motion for summary judgment, dismissing Plaintiff's § 1983 claims, state constitutional claims, and state law tort claims against all Defendants.  Thereafter, Defendants' filed the present motion to tax costs in the amount of $3,538.44.  Plaintiffs' filed a timely objection.  For the reasons stated below, the Court denies Defendants' motion to tax costs.

I.

Rule 54(d) of the Federal Rules of Civil Procedure provides, "[e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs shall

be allowed as of course to the prevailing party unless the court otherwise directs . . . ." This language "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Thus, the unsuccessful party has the burden of overcoming the presumption favoring an award of costs. *Soberay Mach. & Equip. Co. v. MRE Ltd., Inc.,* 181 F.3d 759, 770 (6th Cir. 1999); *Goostree v. Tennesse*, 796 F.2d 854, 863 (6th Cir. 1986) ("[I]t is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party."). The Court may deny costs to the prevailing party if "it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party." *White & White, Inc.*, 786 F.2d at 730 (quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)) (emphasis in original).

In *White & White, Inc.*, the Sixth Circuit identified certain circumstances in which a denial of costs is a proper exercise of discretion: 1) where taxable expenditures are unnecessary or unreasonably large; 2) where the prevailing party should be penalized for unnecessarily prolonging trial or injecting unmeritorious issues; 3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant; and 4) cases that are close and difficult. 786 F.2d at 730. None of these circumstances apply to this case. The court also identified other relevant factors including good faith of the losing party, the propriety with which the losing party conducts the litigation, whether the prevailing party benefitted from the case, whether the public benefitted from the case, and whether the award of costs will have a chilling effect on other litigants. *White & White, Inc.*, 786 F.2d

at 730-31; *see also Rosser v. Pipefitters Union Local 392*, 885 F. Supp. 1068, 1071-72 (S.D. Ohio 1995).

In this case, Plaintiffs undoubtedly filed and prosecuted this matter in good faith and properly conducted themselves throughout the litigation. This alone, however, is insufficient to deny costs. *Id.* at 730 (citing *Coyne-Delany v. Capital Development Board of Illinois*, 717 F.2d 385, 390 (7th Cir. 1983)). In addition to Plaintiffs' good faith, the Court also finds that an award of costs could have a chilling effect upon other civil rights litigants. *See Rosser*, 885 F. Supp. at 1072. Although the Court found that Defendants' were entitled to qualified immunity on Plaintiffs' constitutional claims, Plaintiffs' have suffered a significant degree of harm from the release of their private personal information to the prisoner population of the Ionia Maximum Security Correctional Facility. Due to the significance of the interests at stake, an award of costs may have a chilling effect on civil rights litigants seeking to vindicate their privacy interests. Based upon Plaintiffs good faith in bringing and prosecuting the suit, their reasonable conduct throughout the proceeding, and the likelihood of a chilling effect upon civil rights litigants, the Court denies Defendants' motion to tax costs. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to tax costs (Docket #124) is **DENIED**.

Date:   August 20, 2005                     /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE